```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```
INTERNATIONAL COOPERATIVE
CONSULTANTS, INC., d/b/a/
ICC FINANCIAL GROUP,


      Plaintiff,

v.                        CASE NO.  8:05-CV-1243-T-17MAP

UNITED STATES OF AMERICA,

      Defendant.

_____/

                        ORDER

    This cause is before the Court on:

    Dkt. 7  Motion to Dismiss or Motion for
             Summary Judgment, with Exhibits
    Dkt. 13 Opposition
    Dkt. 16 Reply

    This case is a complaint for Judicial Review of Collection Due Process Hearing.


    Defendant seeks the dismissal of this case under Rule 12(b)(4) and (6), Fed.R.Civ. P. for insufficiency of process and failure to state a claim on which relief can be granted.

I.  Standard of Review

    A court should only grant a motion to dismiss for failure to state a claim when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-6 (1957).

Case No. 8:05-CV-1243-T-17MAP

In general, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed.R.Civ.P. 8(a)(2). The rules "do not require a claimant to set out in detail the facts on which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47. When considering a motion to dismiss, the Court must accept the well-pled facts in the complaint as true and construe them in the light most favorable to the plaintiff. Beck v. Deloitte & Touche et al., 144 F.3d 732, 735 (11th Cir. 1998).

In the alternative, a party is entitled to judgment as a matter of law when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56 c. Summary judgment should be entered only when the moving party has sustained the burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. See Sweat v. Miller Brewing Co., 708 F.2d 655 (11th Cir. 1983). Summary judgment is mandated when a plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In considering a motion for summary judgment, the Court must construe all facts and draw all reasonable inferences in favor of the non-moving party. HCA Health Services of Ga., Inc. v.

Case No. 8:05-CV-1243-T-17MAP

Employers Health Ins. Co., 240 F.3d 982, 991 (11th Cir. 2001).

II. Judicial Review of IRS Determinations

The standard of judicial review for a determination made by the IRS Appeals Office in a collection due process hearing is more deferential than that applicable on review of more formal agency decisions. Living Care Alternatives of Utica, Inc. v. U.S., 411 F.3d 621, 626 (6th Cir. 2005)(citing 26 U.S.C. Secs. 6320(b), 6330(b); 26 C.F.R. Sec. 301.6330-1(f)(2). It is appropriate to review the IRS Appeals Office *de novo* with respect to decisions about the underlying tax liability and for abuse of discretion with respect to all other decisions. Id. The district court, however, may only review issues that were originally raised in the collection due process hearing. See Living Care, 411 F.3d at 625 (citing Treas. Reg. Sec. 301.6330-1(f)(2), Q-F5 & A-F5). Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the appeals officer only for an abuse of discretion. Living Care, 411 F.3d at 626, n.5. An "abuse of discretion" in the context of IRS determinations is "clear taxpayer abuse and unfairness by the IRS."

In this case, Defendant contends that the underlying tax liability was not properly at issue in the collection due process hearing, so Plaintiff is barred from challenging the tax liability before this Court. At a collection due process hearing, a taxpayer may raise "any issue relating to the unpaid tax or the proposed levy," including "(I) appropriate spousal defenses; (ii) challenges to the appropriateness of collection actions;; and (iii) offers of collection alternatives, which may

3

Case No. 8:05-CV-1243-T-17MAP

include the posting of a bond, the substitution of other assets, an installment agreement, or an offer in compromise." 26 U.S.C. Sec. 6330 c (2)(A). However, the taxpayer may only dispute "the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Id at 6330 c (2)(B). The opportunity to dispute the tax liability "includes a prior opportunity for a conference with Appeals that was offered either before or after the assessment of the liability." 26 C.F.R. Sec. 301.6330-1(e)(3), Q-E2 and A-E2.

III.  Insufficiency of Service of Process

Defendant requests dismissal because Plaintiff did not serve the U.S. Attorney for the Middle District of Florida or the Internal Revenue Service in addition to the U.S. Attorney General.

Plaintiff responds that the complaint in this case is for judicial review of a Notice of Determination issued in a collection action, and not an action attacking the validity of an order of an officer or agency of the United States. Plaintiff has also mailed a copy of the Complaint to the I.R.S.

After consideration, the Court denies the Motion to Dismiss as to this issue.

4

Case No. 8:05-CV-1243-T-17MAP

IV.  Failure to State a Claim

A.  Defendant's Motion to Dismiss

Defendant argues that the issues in the Complaint involve the merits of the Section 6672 penalty that has been assessed against Plaintiff, and those issues are beyond the scope of this proceeding.  This case is a review of a collection due process determination, and Plaintiff may only contest issues that were raised in the collection due process hearing.  Defendant argues that the district court conducts its review on the administrative record of that hearing, and in this case the Office of Appeals complied with every requirement of Section 6330.

Defendant argues that Plaintiff had the opportunity to contest the Section 6672 penalty administratively after issuance of Letter 1153, and therefore the underlying liability was not properly at issue in the collection due process hearing. Defendant argues that the Office of Appeals correctly declined to address the merits of the penalty.

Defendant further argues that Letter 1153, which notified Plaintiff of the opportunity for appeal or protest of the proposed trust fund penalty, was mailed by certified mail to the correct address.  Defendant further argues that in order to contest the merits of the penalty in a judicial proceeding, Plaintiff may file a refund suit in federal court.

5

Case No. 8:05-CV-1243-T-17MAP

B. Plaintiff's Response

Plaintiff responds that Defendant's Motion to Dismiss, considered as a Motion for Summary Judgment, must be denied due to the presence of material factual disputes: 1) whether the notice was sent to ICC at its last known address; and 2) as to what taxes the Collection Notices refer. Plaintiff argues that there has been no adequate opportunity for discovery to date.

C. Discussion

Title 26 U.S.C.A. Sec. 6330 states:

(a) Requirement of notice before levy.--

(1) **In general.**-No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made. Such notice shall be required only once for the taxable period to which the unpaid tax specified in paragraph (3)(A) relates.

...

( c) **Matters considered at hearing.**-- In the case of any hearing conducted under this section-

...

(3) **Underlying liability.**- The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Case No. 8:05-CV-1243-T-17MAP

1. Notice to Taxpayer

The issue of whether the Notice of Proposed Assessment of Trust Fund Penalty, Letter 1153, was sent to the last known address of ICC is a critical issue. The street address of "32700 US HWY 19 N., Palm Harbor, FL, 34684," is the correct address. The exhibits to the Complaint reveal that the Notice was signed for at that address.

The Court notes that the address to which the Notice was directed also includes the line "c/o Steve E. Pallos." The addition of this line is not a defect in the address. See Hoffenberg v. Commissioner, 905 F.2d 665, 666 (2d Cir. 1989). Plaintiff argues that there is a factual dispute as to whether the Notice was sent to Plaintiff at its last known address. The Court finds that as a matter of law there was no defect in the address and Plaintiff, a business entity, received the Notice at the correct address.

2. Other Opportunity To Dispute Tax Liability

The Internal Revenue Code does not define what constitutes an "opportunity to dispute" the tax liability. CC Notice 2003-016 interprets this provision as the opportunity to challenge the tax liability in an administrative hearing before the IRS Appeals Office or in a judicial proceeding.

The IRS Appeals Office issued its Notice of Determination to Plaintiff (Dkt. 1-6), advising that the Notice of Intent to Levy and Notice of Federal Tax Lien will not be withdrawn, and legal and procedural requirements were met. The Appeals Office

Case No. 8:05-CV-1243-T-17MAP

performed the required balancing of the conduct necessary for the efficient collection of the taxes owed, and found that the levy and lien were not intrusive collection actions.

The Court notes that a hearing was held by telephone on May 31, 2005. Plaintiff's representative did not furnish requested financial information or offer any collection alternative at that time, but supplied additional information which was limited to the liability issue and why the assessments should be abated. During the hearing, the Appeals Office did not consider the merits of Plaintiff's dispute as to the tax liability, since all procedural requirements as to notice were met.

The Court has considered the copies of letters (Dkt. 1-5) attached to Plaintiff's request for a CDP hearing, in which Plaintiff explains the factual basis of Plaintiff's denial of liability for the taxes Defendant seeks to collect. In the correspondence, Plaintiff denies that Plaintiff is a "responsible party" of University Rehabilitation Hospital, Inc. d/b/a Physicians Hospital of New Orleans under Section 6672 and therefore does not have any tax liability for the unpaid 941 taxes. Plaintiff argues that Mr. Planes, an officer of ICC, was involved in assuring that the 941 taxes were paid by virtue of the Management Services Contract (Dkt. 1-2, p. 8, par. 19) between Plaintiff and University Rehabilitation Hospital, Inc., etc. but Plaintiff was not a responsible party.

In the Notice of Determination, the Appeals Office confirms that the tax liabilities are being assessed against Plaintiff as a "responsible party" of University Rehabilitation Hospital, Inc. d/b/a Physicians Hospital of New Orleans.

8

Case No. 8:05-CV-1243-T-17MAP

A person is "responsible" within the meaning of Sec. 6672 if he has a duty to collect, account for, or pay over taxes withheld from the wages of a company's employees. <u>Thibodeau v. United States</u>, 828 F.2d 1499, 1503 (11th Cir. 1987). Responsibility is a matter of status, duty and authority, not knowledge. <u>Mazo v. United States</u>, 591 F.2d 1151, 1156 (5th Cir. 1979). Section 6672 responsibility is a matter of the power and authority to make payment of withholding taxes, which is not dispositively determined by corporate title or position. <u>Neckles v. United States</u> (5th Cir. 1978). "Indicia of responsibility include the holding of corporate office, control over financial affairs, the authority to disburse corporate funds, stock ownership, and the ability to hire and fire employees." <u>George v. United States</u>, 819 F.2d 1008, 1011 (11th Cir. 1987).

The Court has considered the scope of the duties encompassed by the Management Services Contract (Dkt. 1-2). The Contract provides a factual basis for finding Plaintiff to be a responsible person under Section 6672. After consideration, the Court concludes that there was no abuse of discretion in the Notice of Determination issued by the Appeals Office. It is clear that Plaintiff and Defendant are on opposite sides of the "responsible person" issue. A judicial determination of that issue would require an evidentiary proceeding. Such a proceeding is beyond the scope of this case, which is limited to whether Plaintiff was accorded the due process required by the applicable statutes. The Office of Appeals did not receive Plaintiff's evidence and did not make an explicit determination of the "responsible person" issue based on Plaintiff's documentation, but the presence of actual notice to Plaintiff renders additional consideration of that issue by the Office of Appeals unnecessary.

Case No. 8:05-CV-1243-T-17MAP

The Court has considered whether a remand is necessary to supplement the record, but concludes that this would result in additional delay with no benefit to the final resolution of the dispute in this case.

3. Administrative Review Remains Available

In the Reply, Defendant argues that Plaintiff has an additional administrative remedy available by paying an amount of the tax liability Plaintiff seeks to challenge, and then filing an administrative claim for refund with the IRS. If the dispute is not resolved at that stage, Plaintiff may then file a suit in the United States District Court.

After consideration of the above issues, the Court grants the Motion to Dismiss for failure to state a claim. Plaintiff has argued that there are issues in this case that require discovery, but the Court concludes that discovery is not appropriate or required in this case, which is resolved on issues of law as presented in the attachments to the Complaint. Accordingly, it is

**ORDERED** that the Motion to Dismiss is **denied** as to service, and **granted** with prejudice as to failure to state a claim. The Clerk of Court shall enter judgment for Defendant and close this case.

10

Case No. 8:05-CV-1243-T-17MAP

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 31st day of May, 2006.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

11